-FILED-

MAR 16 2020

ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| FERNANDO BAHENA, Individually and on Behalf Of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUN & CHANG, Inc., Geo DA, Inc., and KUANG N. CHANG, Jointly and Severally,<br><br>Defendants. | Case No.: 3:20CV232 RLM-MGG |

## COLLECTIVE ACTION COMPLAINT
(Jury Trial Demanded)

Plaintiff, individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants operate a Chinese restaurant in two locations, doing business as Jade Garden Restaurant in both locations.

2. Plaintiff was employed by Defendants and not paid overtime wages, despite

1

working in excess of 40 hours throughout their employment.

3. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time.

4. Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work at Defendant Sun & Chang, Inc.' principal place of business, located at 920 Johnson Street, Elkhart, Indiana 46514, which is in Elkhart County, and Geo DA, Inc.'s principal place of business located at 1308 S. Nappanee Street, Elkhart, Indiana 46514, which is in Elkhart County. Therefore, venue is

proper in the South Bend Division of the Northern District of Indiana.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. Plaintiff, Fernando Bahena, was at all relevant times, an adult individual residing at 3407 D Lane, Elkhart, Indiana 46517, which is in Elkhart County.

**Defendants:**

9. Defendant Sun & Chang, Inc. is an active Indiana corporation. Its principal place of business is 920 Johnson Street, Elkhart, Indiana 46514, which is in Elkhart County.

10. Defendant Geo DA, Inc. is an active Indiana corporation. Its principal place of business is 1308 S. Nappanee Street, Elkhart, Indiana 46514, which is in Elkhart County.

11. Upon information and belief, Defendant Kuang N. Chang is an owner, officer, director and/or managing agent of both Sun & Chang, Inc. and Geo DA, Inc., and his address is unknown at this time.

12. Kuang N. Chang (the "Individual Defendant") participated in the day-to-day operations of Sun & Chang, Inc. and Geo DA, Inc. (the "Corporate Defendants"), and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with the Corporate Defendants.

13. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a restaurant that utilizes cooking equipment and materials, such as: stoves, ovens, fryers, and vegetables and meats, produced and moved in interstate commerce

outside of Indiana, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17.  At all relevant times, Defendants have been in the restaurant industry, specializing in producing and serving Chinese food.

18.  Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

19.  Defendants own and operate a restaurant doing business as Jade Garden Restaurant. Jade Garden has two locations: 920 Johnson Street, Elkhart, Indiana 46514, and 1308 S. Nappanee Street, Elkhart, Indiana 46514. Plaintiff worked at both locations during his employment.

20.  Plaintiff was employed by Defendants as a cook. Plaintiff's job duties included: cooking entrees, preparing side items, and cleaning the restaurant.

21.  Plaintiff worked for Defendants from April 16, 2012 to September 7, 2019.

22.  Plaintiff typically worked from 9:30 a.m. to 8:30 p.m. Plaintiff typically worked six days a week, and was off on Wednesdays.

23.  Plaintiff typically worked 66 hours each week, but often worked more during

times the restaurants were busy.

24. Plaintiff's wages were as follows for the following relevant time periods: From November 1, 2016 to October 30, 2017, Plaintiff was paid $2,400 per month, which is approximately $571.42 per week, yielding a regular rate of $8.66 per hour.

25. From November 1, 2017 to August 30, 2018, Plaintiff was paid $2,600 per month, which is approximately $619.05 per week, yielding a regular rate of $9.38 per hour.

26. From September 1, 2018 to September 7, 2019, Plaintiff was paid $2,700 per month, which is approximately $642.86 per week, yielding a regular rate of $9.74 per hour.

27. Plaintiff was paid straight-time pay for all hours worked, despite working in excess of 40 hours during his employment.

28. This failure to pay overtime premium wages to these hourly employees can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of

Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants, at any time since December 12, 2016, and through the entry of judgment in this case (the "Collective Action Period") either who worked as a cooks, dishwashers, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

30. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

31. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

32. Plaintiff, on behalf of themselves, the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

33. As a result of Defendants' failure to compensate its employees, including Plaintiff and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

34. Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully request that this Court grant the following

relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 12, 2020

Respectfully submitted,

**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650

Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com