UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FERNANDO BAHENA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:20-cv-232 RLM-MGG |
| | ) |
| SUN & CHANG, INC. et al., | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Fernando Bahena filed a collective action on March 16, 2020, alleging that his former employer didn't pay him overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* He joined Kuang N. Chang, Sun & Chang, Inc., and Geo DA, Inc. as defendants. On April 6, Mr. Bahena filed a joint motion for settlement approval.

The FLSA is designed to protect workers from substandard pay, oppressive hours, and the inequalities in bargaining power between employers and employees. Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982) (*citing* Barrentine v. Arkansas–Best Freight System, 450 U.S. 728 (1981)); Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016). The court must approve stipulated settlements in FLSA cases in the absence of direct supervision by the Secretary of Labor. Roberts v. Apple Sauce, Inc., No. 3:12-CV-830-TLS, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014)

(*citing* 29 U.S.C. § 216(c); Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986)).

To prevail on motion for settlement, the plaintiff must show that: (1) there's a bona fide dispute under the FLSA, and (2) the proposed agreement (including the award of attorneys' fees) is a fair and reasonable resolution of that dispute. Lynn's Food Stores, Inc. v. Dept. of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982). A proposed settlement resolves a bona fide dispute where the terms of the settlement "reflect a reasonable compromise over issues, such as… back wages, that are actually in dispute" and is not a "mere waiver of statutory rights brought about by an employer's overreaching." Id.

The settlement agreement Mr. Bahena attached to his motion says the defendants will provide settlement payments to Mr. Bahena and two other people, Fortunada Ramirez and Horacio Sanchez. Mr. Bahena is the only plaintiff in this case. He filed his claim as a collective action, but he hasn't asked the court for conditional or final certification of a collective action, and Mr. Ramirez and Mr. Sanchez haven't opted in as plaintiffs. The court can't enter a settlement agreement as to people who aren't parties to the dispute, and it can't approve the settlement of a collective action without first approving final certification. Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 993 (N.D. Ind. 2010) (collecting cases).

The court must next consider whether there is a bona fide dispute that the parties are settling as a result of "contested litigation." Binissia v. ABM Indus., Inc., No. 13 CV 1230, 2017 WL 4180289, at *3 (N.D. Ill. Sept. 21, 2017); Knox v.

2

Jones Grp., No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *1 (S.D. Ind. Aug. 31, 2017) (collecting cases). In his motion for settlement approval, Mr. Bahena says that he, Mr. Ramirez, and Mr. Sanchez sent a demand letter to the defendants through Mr. Bahena's counsel in November 2019. "The Parties have engaged in extensive discussion of this case pre-suit, and have exchanged and analyzed various employment records, tax records, pay records, and hourly schedules in connection with this case." [Doc. No. 9, p. 2]. But the plaintiffs haven't provided any evidence of these pre-suit settlement discussions, and this case was only active for approximately three weeks before the parties filed their joint settlement. Without more, the court can't find that this settlement is a result of contested litigation.

Further, the court doesn't have enough information to determine whether the damages awards and attorney's fees are reasonable. The settlement agreement awards $36,000:

(1) $5,000 in wages (taxes withheld) and $5,000 in liquidated damages for Mr. Bahena;
(2) $5,000 in wages (taxes withheld) and $5,000 in liquidated damages for Mr. Ramirez;
(3) $2,000 in wages (taxes withheld) and $2,000 in liquidated damages for Mr. Sanchez; and
(4) $12,000 in attorneys' fees and costs for Mr. Thomas.

[Doc. No. 9-1, p. 1-2]. Mr. Bahena's complaint says that he worked for the defendants for over six years for 66 hours per week on average and always received straight time pay rather than overtime, but the court doesn't have any facts as to the reasonableness of Mr. Ramirez or Mr. Sanchez's settlement awards. Nor do the facts establish the reasonableness of the attorney's fees. The

starting point for analyzing attorneys' fees is the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate, also known as the "lodestar." Anderson v. AB Painting & Sandblasting Inc., 578 F.3d 542, 544 (7th Cir. 2009) (*citing* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Counsel hasn't provided the court with the number of hours he worked on this dispute. The only grounds he provides for his fee award is a short description of his work on the case: "reviewing pay records, tax records, creating spreadsheets analyzing damages, filing fees for complaint, pro hac [vice] fees, and Spanish translation costs." This information is insufficient to support a finding that his $12,000 fee is reasonable.

Accordingly, the court DEFERS ruling on the joint motion to approve settlement and affords the parties 14 days from the date of this order to file supplemental briefing that addresses the deficiencies outlined in this opinion.

SO ORDERED.

ENTERED:   May 5, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court