# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between Fernando Bahena ("Bahena"), Fortunada Ramirez ("Ramirez"), and Horacio Sanchez ("Plaintiffs"), and Sun & Chang, Inc., Geo DA, Inc., and Kuang N. Chang ("Defendants"), collectively (the "Parties").

## W I T N E S S E T H:

**WHEREAS**, Plaintiffs filed a civil action against Defendants in the United States District Court for the Northern District of Indiana, South bend Division, styled <u>Fernando Bahena et al. v. Sun & Chang, Inc. et al.</u>, No. 3:20-cv-232 ("Civil Action");

**WHEREAS**, in the Civil Action, Plaintiffs alleged that they failed to receive overtime compensation for hours worked each workweek over 40 in violation of the Fair Labor Standards Act ("FLSA");

**WHEREAS,** Defendants deny Plaintiffs' allegations and deny any violation of the FLSA. Nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense, and uncertainty of continuing the Civil Action, Defendants have agreed to settle the Civil Action on the terms and conditions set forth in this Agreement;

**WHEREAS**, the Parties have engaged in extensive arms-length negotiations, and have agreed to resolve this dispute under the terms contained in this Settlement Agreement and Release of Claims; and

**WHEREAS,** recognizing that the outcome of this Civil Action is uncertain and that achieving a final result through litigation requires additional risk, discovery, time and expense, Plaintiffs and Defendants now desire to resolve by compromise and settlement all claims sought to be enforced by Plaintiffs against Defendants in the Civil Action, all claims which were or might have been made by Plaintiffs against Defendants in the Civil Action, all claims Plaintiffs may have for attorneys' fees or costs, as well as any and all other potential claims between the Parties.

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiffs and Defendants do hereby agree as follows:

1. <u>TOTAL SETTLEMENT AMOUNT</u>. Defendants agree to pay the gross sum of Thirty-Six Thousand Dollars ($36,000.00), less lawful deductions, to be allocated as follows, in full, final, and complete settlement of all claims Plaintiffs have or could have asserted against Defendants, as of the date Plaintiffs sign this Agreement, including, but not limited to the claims made in the Civil Action. Defendants will make payments to Plaintiffs as follows:

    (a) **$10,000** to Bahena, consisting of one check for **$5,000** less withholdings applicable to wages, and another check for **$5,000** for liquidated damages with no taxes withheld;

    (b) **$10,000** to Ramirez, consisting one check for **$5,000** less withholdings applicable to wages, and another check for **$5,000** for liquidated damages with no taxes withheld;

16707656v1

>   (c) **$4,000** to Horacio Sanchez, consisting one check for **$2,000** less withholdings applicable to wages, and another check for **$2,000** for liquidated damages with no taxes withheld;
>
>   (d) **$12,000** to the Law Offices of Brandon A. Thomas, P.C. for attorney's fees, costs, and expenses, including: reviewing pay records, tax records, creating spreadsheets analyzing damages, filing fees for complaint, pro hac viche fees, and Spanish translation costs.

These five (5) checks encompass the total monetary consideration to be paid by Defendants for this settlement, and are delivered in full, final, and complete settlement of the Civil Action and any other claim related to Plaintiffs' employment with Defendants or the end thereof. Plaintiffs acknowledge and agree that any attorneys' fees or expenses they have incurred beyond what are covered by the above-referenced settlement proceeds are their sole responsibility.

2.   <u>JOINT STIPULATIONS REGARDING FLSA CLAIM</u>. It is the mutual understanding and stipulation of all Parties and counsel that the settlement amount in paragraph 1 of this agreement, satisfies in full: a) all of Plaintiffs' regular and overtime wages for hours worked; b) all resulting liquidated damages under the FLSA; c) all attorney's fees incurred by Plaintiffs' counsel; and d) all litigation costs incurred by Plaintiffs in his pursuit of the Civil Action.

3.   <u>RELEASE OF ALL CLAIMS</u>. Except for the enforcement of the provisions of this Agreement and for the <u>EEOC Charges as defined in Paragraph 13 of this Agreement</u>, in consideration of the settlement amount and the other promises contained herein, Plaintiffs, on behalf of themselves, their heirs, administrators, executors, agents, and assigns, forever release and discharge Defendants, their officers, directors, employees, successors, attorneys, and assigns from any and all charges, claims, demands, judgments, actions, causes of action, damages, expenses, costs, attorney fees, and liabilities of any kind whatsoever, whether known or unknown, vested or contingent, in law, equity, or otherwise, which Plaintiffs have ever had, or now have future claims against Defendants and for or on account of any matter, cause, or thing whatsoever which has occurred prior to the date of this Agreement, including without limitation of the generality of the foregoing, any and all claims which are related to the employment of Plaintiffs with any Defendant and the termination thereof, or any claim for salary, bonus, back pay, vacation pay, minimum wage, overtime, sums owing, or any other loss or damage of any form whatsoever, including but not limited to any and all rights which Plaintiffs have or may have under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Worker's Benefits Protection Act, Title VII of the Civil Rights Act of 1991 ("Title VII"), the Civil Rights Act of 1866, the Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act, the Family Medical Leave Act, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Genetic Information Nondiscrimination Act, the Fair Labor Standards Act, the National Labor Relations Act, the Indiana Wage Payment law, and other federal and state statutes, as amended, and local laws and ordinances which regulate employment and the laws of contract, torts, and other subjects.

4.   <u>TAX CONSEQUENCES OF SETTLEMENT</u>. The Parties understand and acknowledge that the tax treatment of the settlement as set forth in Paragraph 1 of this Agreement was agreed upon following arms-length negotiation and was based upon the Parties' analysis of the claims, defenses and potential remedies involved. Plaintiffs agree that Defendants shall not be

liable for the payment of any tax assessed against Plaintiffs in connection with this Agreement, other than the amount withheld from the settlement checks attributed to alleged lost wages and benefits described in Paragraph 1 above. Rather, Plaintiffs agree that any such tax other than the withheld amount shall be their sole responsibility. Plaintiffs agree that in the event any tax penalty or tax liability of any kind is assessed against or incurred by Defendants by reason of the other payments described in Paragraph 1, they will fully and completely indemnify and hold harmless Defendants for that portion of said tax penalty or tax liability that was their responsibility. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Defendants regarding the tax treatment of the payments referenced in Paragraph 1 of this Agreement, and Plaintiffs hereby expressly acknowledges that they will rely solely on their own accountants, attorneys or other advisors for such advice or opinion.

      5.      <u>DISMISSAL OF CLAIMS</u>.  By signing below, Plaintiffs agree to file a motion with the Court asking it to approve this settlement and to dismiss the Civil Action with prejudice, with each party bearing its own costs and expenses, including but not limited to attorneys' fees.

      6.      <u>AGREEMENT NOT TO SEEK PUBLICITY</u>.  The Parties and their Counsel agree not to seek publicity concerning the Civil Action or this settlement. The Parties agree that any press release or other public comment related to this Civil Action or its resolution shall be limited to a reference to the Court pleadings dismissing the Civil Action. In all events, the Parties shall refrain from any accusations of wrongful or actionable conduct by any party and shall not otherwise suggest that this settlement constitutes an admission of any claim or defense alleged.

      7.      <u>WAIVER OF REINSTATEMENT</u>.  Plaintiffs agree that they will not hereafter be employed or reemployed by Defendants in any capacity, that they will not hereafter apply for or otherwise seek employment or work as independent contractors with Defendants, and that they specifically waive any right to reinstatement, consideration for employment or reemployment, or use as an independent contractor in the future. Furthermore, the Parties agree that this Agreement shall constitute a valid, non-discriminatory, non-retaliatory and legitimate reason for Defendants to not employ or utilize Plaintiffs as independent contractors in the future or consider them for future work.

      8.      <u>NON-DISPARAGEMENT</u>.  In further consideration of the payments described in Paragraph 1 of this Agreement above, Plaintiffs further agree not to disparage (whether verbally, in writing, or online) Defendants or their representatives, owners, directors, employees, practices, products, or services in any form or fashion. Plaintiffs and Plaintiffs' Counsel further agree that they will not post or make reference to Defendants to the news media, in any advertising, on any internet website, or through any social media source. In the event Plaintiffs are required by a court or other lawful investigation to provide information about Defendants which could violate this non-disparagement obligation, they must provide notice both by phone and in writing to Kuang N. Chang as soon as they become aware of the subpoena or other request for them to be involved in such investigation and in any event before providing testimony or any other information concerning Defendants, unless they are specifically instructed in writing by the court or other investigating agency that such notice cannot be given based on the nature of the investigation.

      9.      <u>NO ADMISSION</u>. This Agreement shall not in any way be construed as an admission by the Released Parties of any acts of misconduct or violation of any laws whatsoever against Plaintiffs or any other person, and the Released Parties specifically disclaim any liability

to Plaintiffs or any other person, on the part of themselves, their employees, directors, officers and agents. The Parties acknowledge that this Agreement is made and executed in settlement of disputed claims for which the Released Parties deny any and all liability; that the Released Parties are settling this matter to avoid the costs and uncertainties of further litigation, and that this Agreement and the payment of consideration provided herein neither constitutes nor is intended to be construed as an admission of any wrongdoing or liability on the part of any Party.

10. **INDEMNIFICATION AND REMEDY FOR BREACH**. The Parties agree to indemnify and hold one another harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, incurred by the Parties, arising out of any breach of this Agreement.

11. **NO LIENS ON OR ASSIGNMENT OF CLAIMS**. Plaintiffs represent and warrant that there are no liens on the claims pursued by them in the Civil Action or which could have been pursued by them against the Released Parties in the same. Plaintiffs further represent and warrant that they are the sole owner of and have not sold, pledged, assigned, granted or otherwise transferred the claims described in the Civil Action or which could have been pursued by them against the Released Parties in the same.

12. **BINDING EFFECT**. All covenants, representations, and agreements made by or on behalf of Plaintiffs contained in this Agreement will be binding upon their spouses, successors, representatives, assigns, heirs and estates.

13. **RIGHT OF ACTION EXPRESSLY RESERVED**. This Agreement acknowledges that there are pending age and national origin employment discrimination charges regarding the alleged termination of Ramirez and Bahena on or about September 7, 2019 under Title VII and the ADEA, EEOC charge numbers 24M-2019-00163 and 24M-2019-00164 (the "EEOC Charges"). These charges and related claims are disputed by Defendants. The Parties agree that Plaintiffs release any claim and may not seek any damages related in any way to "how employees receive their salary" as stated in the EEOC Charges, however, this Agreement does not release or prevent Ramirez and Bahena from continuing to generally pursue the EEOC Charges and seeking other damages arising out of the alleged conduct stated in the EEOC Charges.

14. **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof. It is agreed that this Agreement may be modified only by a subsequent, written agreement, executed by both Parties.

15. **SEVERABILITY**. The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole and without revision, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

16. **GOVERNING LAW**. This Agreement is made and entered into in the State of Indiana, and shall in all respects be interpreted, enforced and governed under the laws of that State.

17. **OPPORTUNITY TO REVIEW**. Plaintiffs represent and acknowledge that they have carefully read and understand all of the provisions of this Agreement, that they have 21 days with which to consider this Agreement, that they may revoke their consent to this Agreement

within 7 days after they execute this Agreement. They represent that they are voluntarily entering into this Agreement. Plaintiffs acknowledge and confirm that the only consideration for them signing this Agreement are the terms and conditions stated in writing in this Agreement, and that no other promise or agreement of any kind, other than those set out in writing in this Agreement, has been made to them by any person to cause them to sign this Agreement. Plaintiffs represent and affirm that they have been represented by counsel in reviewing this Agreement.

18.  **LANGUAGE TRANSLATION.** Plaintiffs' counsel has carefully explained this Agreement to Plaintiffs by using a translator, who is fluent in both English and Spanish.

19.  **EFFECT OF NON-APPROVAL.** In the event the Agreement is not finally approved by the Court for any reason, this Agreement shall be terminated on the date the Court's order becomes final and non-appealable, and in addition: (1) within fourteen (14) days, any funds paid by Defendants shall be returned to Defendants; (2) nothing in this Agreement shall be used or construed by or against any party as a determination, admission or concession of any issue of law or fact in the litigation; and (3) the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of this litigation.

**IN WITNESS WHEREOF,** the Parties have voluntarily executed this Agreement. By executing this Agreement, each party stipulates, agrees and warrants as follows:

(i)   that the terms of this Agreement are reasonable;

(ii)  that the person executing this Agreement has carefully read and understands all the provisions of this Agreement and is voluntarily entering into this Agreement;

(iii) that the person executing this Agreement will not challenge or contest in any way the capacity or authority of any party hereto to enter into this Agreement; and

(iv)  that the person executing this Agreement has the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against himself, herself or the entity he or she represents.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

DATE: 3-23-2020                                   _____
                                                    FERNANDO BAHENA

DATE: 3-23-2020                                   _____
                                                    FORTUNADA RAMIREZ

5

DATE: 3/25/2020          *Horacio Sanchez E*  
                                                        HORACIO SANCHEZ

SUN & CHANG, INC.

DATE: _____    By: _____

                                    Title: _____

GEO DA, INC.

DATE: _____    By: _____

                                    Title: _____

DATE: _____                            _____  
                                                        KUANG N. CHANG

DATE: _____     _____
                                                          HORACIO SANCHEZ

SUN & CHANG, INC.

DATE: MAR/31/2020     By: _____
                      Title: President

GEO DA, INC.

DATE: MAR/31/2020     By: _____
                      Title: President

DATE: MAR/31/2020     _____
                                              KUANG N. CHANG

6